**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHILLIX SINCLAIR; et al., | No. 07-56823 |
| Plaintiffs - Appellants, | D.C. No. CV-03-05741-CAS |
| v. | |
| CITY OF NEEDLES; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted February 3, 2010
Pasadena, California

Before: SCHROEDER, FISHER, and N.R. SMITH, Circuit Judges.

Phillix Sinclair, Bupendra Patel, and Radha Hotels, Inc. (collectively

"Appellants"), appeal summary judgment on their procedural due process claims

related to conditional use permit ("CUP") hearings, issuance of jury instructions

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

concerning adjudicator bias, and denial of Appellants' post-trial motions. We affirm.

The City did not provide individualized notice of the original CUP hearings, but its repeated offers to put the matter back on the City Council agenda provided constitutionally adequate procedural protections.[1] Reopening of the hearing would have afforded Appellants a meaningful "opportunity to be heard." *Ford v. Wainwright*, 477 U.S. 399, 413 (1986) (internal quotation marks and citations omitted). Appellants concede that they received notice of the revocation hearing, and their due process rights were unaffected by the failure to provide notice to others potentially interested in the hearing.

The jury instruction that Appellants could demonstrate an appearance of bias through "evidence of a decision-maker's financial or personal interest in the outcome" addressed the breadth of Appellants' bias allegations as well as the range of circumstances in which implied bias violates due process. *See Peters v. Kiff*, 407 U.S. 493, 502 (1972). Read as a whole, the jury instructions concerning adjudicator bias were neither misleading nor inadequate. *See United States v. Frega*, 179 F.3d 793, 807 n.16 (9th Cir. 1999).

---

[1] The district court properly considered evidence submitted alongside the City's reply brief, as it did not deny Appellants an opportunity to respond. *See Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 979 n.1 (9th Cir. 2006).

Murch and Bradshaw testified that they were not actually biased, and they or their relatives' involvement in the investigatory process does not overcome the presumption of honesty and integrity. *See Withrow v. Larkin*, 421 U.S. 35, 46–47 (1975). Therefore, there is legally sufficient evidence to sustain the jury's verdict on Appellants' due process claim, *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000), and the evidence does not weigh heavily against the verdict, *see United States v. Chen*, 754 F.2d 817, 821 (9th Cir. 1985).

The revocation of Appellants' CUP triggered notice and other due process requirements, which the Appellants were provided. The revocation of a CUP, however, does not necessarily constitute a taking, and, in this instance, the revocation of Appellants' CUP according to its terms did not constitute a taking. *Cf. Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 641 (1993) ("Given that [the petitioner's] due process arguments are unavailing, it would be surprising indeed to discover [that] the challenged statute nonetheless violat[ed] the Takings Clause."). Moreover, to the extent that Appellants argue that the City committed a taking by over-enforcing its ordinances against Appellants in order to force Appellants to sell their property (or to diminish the value of the property), the district court did not abuse its discretion

by finding that the weight of the evidence supported a verdict against liability.

**AFFIRMED.**